**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIE J. GRIFFIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | Case No. 4:23-cv-00637-MTS |
| ) | |
| COUCHE-TARD, INC., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. Doc. [21]. Plaintiff's Motion altogether misunderstands diversity jurisdiction under 28 U.S.C. § 1332(a). *See, e.g.*, Doc. [21] at 4 (arguing that "based upon [Defendants'] business activities and connections to the State of Missouri, the State Courts in Missouri have general jurisdiction in this matter and this case lacks complete diversity to be removed to federal court"). Diversity jurisdiction hinges on citizenship and the amount in controversy. At issue here, is citizenship; the issue is not Defendants' "minimum contacts" with Missouri or "the Missouri long-arm statute." *See id.* Defendants' Notice of Removal demonstrates there was complete diversity of citizenship among the parties in this case when Defendants filed the Notice of Removal. *See* Doc. [1] ¶¶ 13–19.

That said, the Court does note an issue with diversity that Defendants must address. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendants were required to establish the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant[s] file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013);

*accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). The Notice of Removal does not establish the citizenship of the parties at the time Plaintiff filed the case. *See, e.g.*, Doc. [1] ¶ 13 (alleging Plaintiff *is* a Missouri citizen); *id.* ¶¶ 15, 17 (alleging the sole member of Defendant Mac's Convenience Stores LLC *is* Alimentation Couche-Tard, Inc. who is a citizen of Quebec, Canada).

If Defendants can establish complete diversity of citizenship at the time Plaintiff filed this case, Defendants must file an Amended Notice of Removal. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [21], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an Amended Notice of Removal consistent with this Memorandum and Order no later than **Tuesday, June 20, 2023**.

Dated this 12th day of June 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE